UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60573-CIV-COHN

UNITED STATES OF AMERICA,

Magistrate Judge Snow

    Plaintiff,

v.

FIFTY-NINE THOUSAND DOLLARS
($59,000.00) IN UNITED STATES CURRENCY

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the United States' Amended Motion for Summary Judgment [DE 26]. The Court has carefully considered the motion and response [DE 27], and is otherwise fully advised in the premises. A reply memorandum was due on December 18, 2006, but none was filed.

### I. BACKGROUND

The United States' complaint in this action seeks forfeiture of $59,000 in United States currency on the grounds that the defendant currency represents narcotics proceeds and/or represents currency or property involved in a currency reporting violation. (Compl., ¶ 4 [DE 1])[1] The currency was seized from Pedro Zapata, the claimant, attempted to board a flight to Guatemala on September 18, 2005.

There are no facts in dispute in this action. Claimant concedes that he failed to declare that he was transporting more than $10,000 in U.S. currency out of the country

---

[1] The court denied Plaintiff's motion to amend the complaint to add a claim that the currency is forfeitable pursuant to 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States) [DE 23].

in violation of Title 31, United States Code, Section 5316. The United States' motion does not seek summary judgment on grounds that the currency represents narcotics proceeds. In response to the motion, Claimant asserts that the United States should withdraw its claim on a narcotic proceeds theory.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production

shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Forfeiture

Under the Civil Asset Forfeiture Reform Act ("CAFRA"), the government bears the burden of showing that the defendant property is forfeitable by a preponderance of the evidence. 18 U.S.C. § 983(c)(1). A claimant then has the burden of proving the affirmative innocent-owner defense. 18 U.S.C. § 983(d)(1)(2)(A).

In this case, discovery has shown that the subject currency was packaged in a suitcase hidden in multiple envelopes, wrapped by rubber bands, not bank money

3

wrappers.  More importantly, Claimant in opposition to the motion for summary judgment does not oppose a finding that the property is subject to forfeiture, however, Claimant asserts that the entire sum should not be forfeited.  The Court therefore concludes that the there are no disputed issues of fact that the defendant currency is subject to forfeiture.

Claimant asserts that under United States v. Bajakajian, 524 U.S. 321, forfeiture of the entire amount of $59,000 would be an excessive fine and unconstitutional. Bajakajian is a similar case involving non-disclosure of currency when departing the country.  The Supreme Court held that forfeiture of $357,144 in currency was excessive where the maximum statutory fine was $250,000 and the maximum fine under the sentencing guidelines was $5,000.  Bajakajian, 524 U.S. at 339, n. 14.  Claimant asks this Court to hold a hearing on the issue of what would be an appropriate fine for failing to declare the currency.

Following Bajakajian, the United States Court of Appeals for the Eleventh Circuit held that "in a forfeiture action, if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive."  U.S. v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1310 (11th Cir. 1999) (citing Bajakajian, 524 U.S. at 339, n. 14).  In addition, the Court must defer to Congress and the United States Sentencing Commission.  Where the statute authorizes a maximum fine of greater than $25,000, the guidelines maximum does not apply and the statutory maximum applies instead.  U.S. v. One Parcel of Real Estate at 10380 S.W. 28th Street, Miami, FL, 214 F.3d 1291, 1295 (11th

Cir. 2000).

The Court therefore concludes that the defendant currency is subject to forfeiture. The Court will schedule a hearing on the sole issue of whether the entire amount is subject to forfeiture, or whether such a forfeiture is excessive under the Bajakajian. The Court notes that this issue is determined by "comparing the amount of the forfeiture to the gravity of the offence. . . and not by comparing the amount of the forfeiture to the amount of the owner's assets." U.S. v. 817 N.E. 29th Drive, 175 F.3d at 1311. "Excessiveness is determined in relation to the characteristics of the offense, not in relation to the characteristics of the offender." Id. In addition, this issue of how much of the currency is subject to forfeiture is one for the Court to decide, and is not a jury question.

### III. CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. United States' Amended Motion for Summary Judgment [DE 26] is hereby **GRANTED in part** and **DENIED in part**;

2. The Court finds that the Defendant $59,000 in United States currency is subject to forfeiture;

3. The parties shall file a joint status report by December 29, 2006, containing an estimate as to how much time is required for a hearing on this issue, and when in January the parties are available for such hearing to conclude this matter.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 22nd day of December, 2006.

JAMES I. COHN
United States District Judge

Copy to:

AUSA Roger Powell

Robert S. Gershman, Esq.