UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60573-CIV-COHN

UNITED STATES OF AMERICA,

       Magistrate Judge Snow

    Plaintiff,

v.

FIFTY-NINE THOUSAND DOLLARS
($59,000.00) IN UNITED STATES CURRENCY

    Defendant.
_____/

**FINAL ORDER OF FORFEITURE**

    THIS CAUSE is before the Court upon the hearing held on Friday, January 26, 2007, regarding the amount of forfeiture in this case [DE 32]. The Court has carefully considered the arguments of the Plaintiff and Claimant, and is otherwise fully advised in the premises.

    I.  BACKGROUND

    The United States' complaint in this action seeks forfeiture of $59,000 in United States currency on the grounds that the defendant currency represents narcotics proceeds and/or represents currency or property involved in a currency reporting violation. (Compl., ¶ 4 [DE 1])[1] The currency was seized from Pedro Zapata, the Claimant, as he attempted to board a flight to Guatemala on September 18, 2005.

    The Court granted summary judgment on the basis that the Claimant failed to declare that he was transporting more than $10,000 in U.S. currency out of the country

---

[1] The court denied Plaintiff's motion to amend the complaint to add a claim that the currency is forfeitable pursuant to 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States) [DE 23].

in violation of Title 31, United States Code, Section 5316(a)(1)(A). The United States' did not put forth any evidence that the currency represents narcotics proceeds. The Court therefore concluded that the entire amount of $59,000 was subject to forfeiture on the currency reporting violation only, and set a final hearing to allow Claimant to argue that a complete forfeiture would be an excessive fine and/or unconstitutional.

## II.  DISCUSSION

The sole basis for forfeiture in this action is 31 U.S.C. § 5316(a)(1)(A), which requires a person to file a report when the person knowingly transports, or attempts to transport, monetary instruments of more than $10,000 at one time from a place in the United States to a place outside the United States. Claimant did not file a report, but was found with $59,000 in currency packaged in a suitcase hidden in multiple envelopes and wrapped by rubber bands as he attempted to leave the United States. At the final hearing, Claimant's counsel proffered by agreement Claimant's testimony, which previously had been submitted by deposition, that the currency was Claimant's savings from having worked manual labor jobs in the United States for ten years. Claimant did not have legal work status, and therefore did not use the banking system, but simply saved his money in a sack wherever he was living. As stated above, the United States has no evidence that Claimant has been involved in illegal activity.[2]

---

[2] Claimant is currently subject to deportation and removal. Claimant's counsel noted that the immigration judge has allowed Claimant to remain in this country for purposes of contesting this forfeiture proceeding, as Claimant was essentially self-deporting at the time of the seizure of his savings. Claimant intends to remove himself from the country upon resolution of these proceedings.

A violation of Section 5316 may be prosecuting by either criminal proceedings or civil proceedings. In this case, the United States chose to only invoke a civil forfeiture proceeding. In a such a case, "any property involved in a violation of section . . . 5316 . . . and any property traceable to any such violation or conspiracy may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures. . . ." 31 U.S.C. § 5317(c)(2).

Claimant asserts that under <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998), forfeiture of the entire amount of $59,000 would be an excessive fine and unconstitutional. <u>Bajakajian</u> is a similar case involving non-disclosure of currency when departing the country. The Supreme Court held that forfeiture of $357,144 in currency was excessive where the maximum statutory fine was $250,000 and the maximum fine under the sentencing guidelines was $5,000. <u>Bajakajian</u>, 524 U.S. at 339, n. 14. Following <u>Bajakajian</u>, the United States Court of Appeals for the Eleventh Circuit held that "in a forfeiture action, if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." <u>U.S. v. 817 N.E. 29th Drive, Wilton Manors, Fla.</u>, 175 F.3d 1304, 1310 (11th Cir. 1999) (citing <u>Bajakajian</u>, 524 U.S. at 339, n. 14). In addition, where the statute authorizes a maximum fine of greater than $25,000, the criminal Sentencing Guidelines maximum does not apply and the statutory maximum applies instead. <u>U.S. v. One Parcel of Real Estate at 10380 S.W. 28th Street, Miami, FL</u>, 214 F.3d 1291, 1295 (11th Cir. 2000).

At the hearing, the United States argued that since the maximum statutory fine

was $250,000, the Court can go higher than the criminal Sentencing Guidelines maximum of $5,000, and determine that the entire amount of $59,000 in currency should be forfeited.  The United States also asserted that <u>Bajakajian</u> did not apply because Claimant evaded taxes, citing to Claimant's deposition about his failure to file taxes.  In response to that latter argument, Claimant pointed out that his pay stubs in the record indicated that for at least two years of his employment, his employer took out federal income taxes, even though his annual income would have been below the amount upon which income taxes would apply.

The Court rejects the United States' argument regarding tax evasion or other law violations allegedly committed by Claimant.  As noted above, Claimant has not been charged with any crimes, and the evidence indicates that some taxes were in fact paid, when perhaps they did not need to be paid.

As for the constitutional issue, under the precedents cited above, the Court cannot conclude that forfeiture of the entire amount would be unconstitutional.  Nonetheless, a complete forfeiture would be unjust under the facts of this case.  As the Eleventh Circuit has noted, it is not a crime to transport currency out of the country, it is only a crime to fail to file a report of such currency transport.  <u>United States v. Dean</u>, 87 F.3d 1212, 1214  (11th Cir. 1996) (modifying earlier opinion at 80 F.3d 1535) (affirming sentence in which district court judge essentially modified plea agreement to reduce forfeiture from the $140,000 seized to $5,000).

In determining an appropriate forfeiture amount, the Court concludes that Section 5317 gives a court in a civil forfeiture proceeding for violations of Section 5316

the discretion to forfeit less than the total amount seized by using the term "**may** be seized and forfeited to the United States." 31 U.S.C. § 5317(c)(2) (emphasis added). Under the facts in this case, an appropriate forfeiture amount is $49,000, leaving the Claimant with the $10,000 that he could have transported without filing a report.[3] As noted in Dean, it is not illegal to transport $10,000 or less in currency.

In reaching this conclusion, the Court recognizes that the United States' argument for complete forfeiture does not receive less weight simply because Claimant was not arrested on the currency reporting violation. Claimant had argued that if he had been criminally prosecuted, the guideline sentence could have included a maximum fine of $5,000. The United States retains the discretion to decide whether to prosecute a currency reporting violations by criminal or civil means. When the United States does decide to only pursue civil forfeiture, it does not lessen its ability to seek forfeiture above the criminal guidelines and below the statutory maximum. Nevertheless, under the facts of this case, the Court will order forfeiture of only $49,000 of the $59,000 at issue.

III. CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. The Court finds that the Defendant $59,000 in United States currency is subject

---

[3] The United States seeks a strict application of Bajakajian in which any seizure below $250,000 would not be excessive. Such an application would work to penalize those who accumulated small savings by manual labor, such as Claimant, and only benefit those persons who were fortunate to be able to accumulate sums in excess of $250,000. Rather, the teachings of Bajakajian and the discretion granted in the statutory forfeiture provisions lead this Court to conclude that a forfeiture of $49,000 and a return of $10,000 to Claimant is a fair and just result under the facts of this case.

to forfeiture in the amount of $49,000, with $10,000 to be returned to Claimant;

2. The Court will separately enter such judgment in this case.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 29th day of January, 2007.

JAMES I. COHN
United States District Judge

Copy to:

AUSA Roger Powell

Robert S. Gershman, Esq.