UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60573-CIV-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FIFTY-NINE THOUSAND DOLLARS
($59,000.00) IN UNITED STATES CURRENCY,

    Defendant,
and

PEDRO ZAPETA,

    Claimant.
_____/

## AMENDED FINAL ORDER OF FORFEITURE

**THIS CAUSE** is before the Court upon remand by the United States Court of Appeals for the Eleventh Circuit, the post-remand memoranda of the United States [DE 55] and Claimant [DE 56], and the United States Notice of Filing of Tax Court decision [DE 57]. The Court has carefully considered the arguments of the Plaintiff and Claimant, and is otherwise fully advised in the premises.

I.  BACKGROUND

The United States' complaint in this action seeks forfeiture of $59,000 in United States currency on the grounds that the defendant currency represents narcotics proceeds and/or represents currency or property involved in a currency reporting violation pursuant to 31 U.S.C. § 5317(c)(2). Compl., ¶ 4 [DE 1].[1] The currency was

---

[1] The court denied Plaintiff's motion to amend the complaint to add a claim that the currency is forfeitable pursuant to 31 U.S.C. § 5332 (bulk cash smuggling into or

seized from Pedro Zapata, the Claimant, as he attempted to board a flight to Guatemala on September 18, 2005.

The Court initially granted summary judgment on the basis that the Claimant failed to declare that he was transporting more than $10,000 in U.S. currency out of the country in violation of Title 31, United States Code, Section 5316(a)(1)(A) [DE 28].[2] After an evidentiary hearing on the amount of forfeiture [DE 32/38], the Court concluded that $49,000 of the entire amount of $59,000 was subject to forfeiture on the currency reporting violation [DE 33].  Claimant successfully appealed this decision to the Court of Appeals, resulting in a remand to this Court to re-determine the forfeiture amount [DE 44].

Some additional facts are relevant to the Court's consideration of a proper forfeiture amount.  There is no dispute that Claimant did not file a currency report and was found with $59,000 in currency packaged in a suitcase hidden in multiple envelopes and wrapped by rubber bands as he attempted to leave the United States. At the final hearing before this Court, Claimant's counsel proffered by agreement Claimant's testimony, which previously had been submitted by deposition, that the currency was Claimant's savings from having worked manual labor jobs in the United States for ten years.  Claimant did not have legal work status, and therefore did not use the banking system, but simply saved his money in his duffel bag wherever he was

---

out of the United States) [DE 23].

[2] The United States did not put forth any evidence that the currency represents narcotics proceeds.

living.

Although the United States has no evidence that Claimant has been involved in illegal activity in obtaining the funds, United States does rely on evidence that Claimant was in this country illegally,[3] failed to pay income taxes on his wages,[4] and used a false name and fictitious social security number in his employment.

## II.  DISCUSSION

The basis for forfeiture in this action is 31 U.S.C. § 5316(a)(1)(A), which requires a person to file a report when the person knowingly transports, or attempts to transport, monetary instruments of more than $10,000 at one time from a place in the United States to a place outside the United States.  A violation of Section 5316 may be prosecuted by either criminal proceedings or civil proceedings.  In this case, the United States chose to only invoke a civil forfeiture proceeding.  In a such a case, "any property involved in a violation of section . . . 5316 . . . and any property traceable to any such violation or conspiracy may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures. . . ."  31 U.S.C. § 5317(c)(2).

Claimant asserts that under <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998),

---

[3]  Claimant voluntarily removed himself from the United States in lieu of deportation.  Claimant was essentially self-deporting at the time of the seizure of his savings.

[4]  The United States Tax Court entered a decision against Claimant on March 20, 2009 finding him liable for $17,781.03, plus 0.5% of the amount of $14,117 accruing each month from the due date of the return (not to exceed 25% in the aggregate).  See Docket Entry 57-2.

forfeiture of $49,000 would be an excessive fine and unconstitutional.  Bajakajian is a similar case involving non-disclosure of currency when departing the country, though it resulted in a criminal prosecution.  The Supreme Court announced a general standard that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."  524 U.S. at 334.  The Supreme Court specifically held that forfeiture of $357,144 in currency was excessive where the maximum statutory fine was $250,000 and the maximum fine under the sentencing guidelines was $5,000.  Bajakajian, 524 U.S. at 339, n. 14.  Following Bajakajian, the United States Court of Appeals for the Eleventh Circuit held that "in a forfeiture action, if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive."  U.S. v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1310 (11th Cir. 1999) (citing Bajakajian, 524 U.S. at 339, n. 14).

The Eleventh Circuit has directed this Court to weigh the importance of the fact that the sentencing guidelines for Claimant (if this was a criminal case) was $500 to $5,000, stating that the United States Supreme Court "considered the sentencing guidelines range for the particular defendant an important factor in the excessiveness analysis, and arguably even more important than the statutory maximum, although both were relevant."  United States v. Fifty Nine Thousand Dollars, No. 07-10658 at p. 8 (11th Cir. June 23, 2008)

In its post-remand brief, the United States seeks to distinguish the result in Bajakajian because Claimant should be considered a tax evader, given the Tax Court

4

decision, wherein the Supreme Court appears to rely on the fact that Mr. Bajakajian "is not a money launderer, a drug trafficker, or a tax evader." Bajakajian, 524 U.S. at 338. The United States argues that Zapeta is in fact a tax evader and bulk cash smuggler, as evidenced by his admitted failure to pay income taxes and the Tax Court decision, as well as the method of how the money was being transported. Plaintiff cites to several post-Bajakajian decisions that support high percentages of forfeiture for transporting currency. See United States Memorandum, pp. 13-19 [DE 55]. Plaintiff thus continues to seek the full amount of the funds in forfeiture.[5]

Claimant argues that the United States is "blinded" to the fact that Pedro Zapeta, though an illegal immigrant, worked hard for his money in legal jobs, and merely violated a currency reporting provision as in Bajakajian. Claimant distinguishes the case law relied upon by Plaintiff as involving criminal forfeiture actions, unlike the present civil action, though the Court notes that Bajakajian was a criminal forfeiture action. Claimant asserts that full forfeiture is grossly disproportional to the gravity of Claimant's offense, and a proportionate amount of forfeiture should be $1,800.[6]

---

[5] Plaintiff also argues that Claimant's use of a fictitious Social Security is further evidence of intentional tax evasion. There is a Social Security number on the pay stubs previously submitted to the Court at the prior evidentiary hearing. There is no such number on the tax deficiency notice issued by the Internal Revenue Service. While there may be circumstantial evidence of use of a false Social Security number, the Court does not find it sufficient to increase the forfeiture amount for this reason, in addition to the increase for failure to pay income taxes on the funds.

[6] Claimant did not address Tax Court proceedings, which were still pending at the time of this briefing, because this Court had stated that "it will not determine issues to be ruled upon by the United States Tax Court." After the United States filed a Notice regarding the Tax Court decision, Claimant did not respond. The Court's statement that "it will not determine issues to be ruled upon by the United States Tax Court"

Turning first to the issue of tax evasion, in its prior order, the Court did initially make the following conclusion: "The Court rejects the United States' argument regarding tax evasion or other law violations allegedly committed by Claimant. As noted above, Claimant has not been charged with any crimes, and the evidence indicates that some taxes were in fact paid, when perhaps they did not need to be paid." This statement can now be considered incorrect, as the Tax Court proceedings have in fact found a federal income tax liability for Mr. Zapeta.[7] Thus, the Court will consider the fact that unlike in Bajakajian, in this case there is some evidence of tax evasion, in addition to the currency reporting violation.[8]

As for the constitutional issue, under the precedents cited above, the Court now considers the sentencing guidelines fine range ($500 to $5,000) for Mr. Zapeta as an important factor in deciding the amount of the forfeiture. As previously stated before the appeal, a complete forfeiture would be unjust under the facts of this case. It is not a crime to transport currency out of the country, it is only a crime to fail to file a report of such currency transport. United States v. Dean, 87 F.3d 1212, 1214 (11th Cir. 1996) (modifying earlier opinion at 80 F.3d 1535).

---

cannot be read to mean that the Court will ignore the results of any Tax Court decisions.

[7] Upon closer inspection of the pay records submitted to the Court at the pre-appeal evidentiary hearing on the amount of forfeiture, the withheld taxes (except for $125 in 2005) were Social Security and Medicare taxes, not federal income taxes.

[8] The Eleventh Circuit referenced the fact that the district court "pointed out that some taxes were in fact paid." This Court makes it a point to completely recede from its earlier conclusion regarding payment of taxes.

Under the facts in this case, an appropriate forfeiture amount is $10,000. The Court goes above the high end of the guidelines range for the currency reporting violation because of the tax evasion evidence. While the guidelines range is the single most important factor considered by this Court, it is not the only factor. The tax evasion evidence must be considered as well. The total forfeiture is thus only 17% of the amount Zapeta concealed when he attempted to self-deport from the country. The Court will also direct that the tax deficiency as found by the Tax Court be paid out of the $49,000 still held by the Department of Justice.[9]

### III.  CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. The Court finds that of the *in rem* Defendant $59,000 in United States currency seized, $10,000 is subject to forfeiture;

2. Of the remaining $49,000, an amount equal to satisfy the United States Tax Court decision in Docket No. 9066-08, Pedro Mariano Zapeta v. Commissioner of Internal Revenue, as that amount stood as of April 1, 2009, shall be withheld from being returned to Claimant and instead shall be paid to the Internal Revenue Service or the Treasury Department in complete satisfaction of the Tax Decision ruling;

3. By December 23, 2009, the United States shall file with this Court a statement of the amount of the Tax Court decision owing as of April 1, 2009.

---

[9] The Court determines that any interest that is accruing on the Tax Court decision should not accrue after April 1, 2009, a period of eight (8) days from the filing of the Tax Court decision in this Court [DE 57-2]. In other words, this Court's delay in reaching this final decision should not increase the interest owed by Claimant to the United States on the amount of the Tax Court ruling.

4. The remaining amount shall be returned to Claimant via Claimant's counsel;

5. Claimant's counsel shall file a statement within 30 days of the return of the remaining funds as to how he delivered Claimant's portion of the returned funds to Claimant, who continues to reside out of the country due to his immigration status.

6. The Court will separately enter judgment in this case.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Broward County, Florida, this 10th day of December, 2009.


Copy to:
AUSA Roger Powell
Robert S. Gershman, Esq.