UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60573-CIV-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FIFTY-NINE THOUSAND DOLLARS
($59,000.00) IN UNITED STATES CURRENCY,

    Defendant,
and

PEDRO ZAPETA,

    Claimant.
_____/

**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**
**ORDER DIRECTING INTEREST TO BE PAID ON ENTIRE NON-FORFEITED AMOUNT**
**ORDER GRANTING MOTION FOR PERMISSION TO EXCEED PAGE LIMIT**
**ORDER DENYING MOTION TO STRIKE**

**THIS CAUSE** is before the Court upon the Court's Amended Final Order of Forfeiture [DE 59], Defendant and Claimant's Demand for Interest on $59,000 United States Currency [DE 62], Defendant and Claimant's Attorney's Verified Motion for Award of Attorney's Fees and Costs [DE 63], Plaintiff's Response to Demand for Interest [DE 66], Plaintiff's Motion for Permission to Exceed Page Limit [DE 67], Plaintiff's Response to Motion for Attorney's Fees [DE 70], Defendant and Claimant's Reply in support of Demand for Interest [DE 71], Defendant and Claimant's Motion to Strike Plaintiff's Response in Opposition to Attorney's Fees Motion [DE 73], and Defendant and Claimant's Reply in support of Motion for Attorney's Fees [DE 74].  The Court has carefully considered the filings and is otherwise fully advised in the premises.

I.  BACKGROUND

The United States' complaint in this action seeks forfeiture of $59,000 in United States currency on the grounds that the defendant currency represents currency or property involved in a currency reporting violation pursuant to 31 U.S.C. § 5317(c)(2). Compl., ¶ 4 [DE 1].[1]  The currency was seized from Pedro Zapata, the Claimant, as he attempted to board a flight to Guatemala.

The Court initially granted summary judgment on the basis that the Claimant failed to declare that he was transporting more than $10,000 in U.S. currency out of the country in violation of Title 31, United States Code, Section 5316(a)(1)(A) [DE 28].[2]   After an evidentiary hearing on the amount of forfeiture [DE 32/38], the Court concluded that $49,000 of the entire amount of $59,000 was subject to forfeiture on the currency reporting violation [DE 33].  Claimant successfully appealed this decision to the Court of Appeals, resulting in a remand to this Court to re-determine the forfeiture amount [DE 44].  After reconsidering the evidence and providing the parties an opportunity to brief the issues, the Court concluded that an appropriate forfeiture amount is $10,000 [DE 59].

II. DISCUSSION

**A.  Interest and IRS Payment**

When this Court entered an Amended Final Order of Forfeiture, it directed that the

---

[1] The court denied Plaintiff's motion to amend the complaint to add a claim that the currency is forfeitable pursuant to 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States) [DE 23].

[2] The United States did not put forth any evidence that the currency represents narcotics proceeds.

United States file proof of the final amount owed by Claimant Pedro Mariano Zapeta to satisfy the United States Tax Court decision against him, as that amount stood as of April 1, 2009.  The Court directed that such amount shall be withheld from being returned to Claimant and instead shall be paid to the Internal Revenue Service ("IRS") or the Treasury Department in complete satisfaction of the Tax Court decision.  The United States filed a status report that this amount, including penalties and interest, is $25,451.56 [DE 60].  Claimant filed a notice requesting a written calculation as to how that figure was determined [DE 61].  The United States complied with the Court's order directing a response to Claimant's request [DE 65], which satisfies this Court as to the amount owed by Claimant to the IRS.

Defendant and Claimant also demand interest on the currency seized by the United States pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA").  28 U.S.C. § 2465(b)(1)(C).  The United States contends that Claimant is only entitled to interest on the amount he will actually receive and provided a calculation of interest on $23,548.44 [DE 66-1], the amount left after forfeiture of $10,000 and an IRS payment of $25,451.56.  However, as Claimant argues in his reply in support of the demand for interest, such a calculation affords the United States a windfall on the interest for the IRS payment.  Claimant Zapeta is already paying interest to the United States on the amount of back taxes.  Since only $10,000 of the original $59,000 seized is being forfeited, Claimant has a strong argument that interest paid to him as a substantially prevailing party under CAFRA should be based upon the full $49,000 not forfeited.  That $25,451.66 will be transferred to the IRS does not change the fact that under CAFRA alone, Claimant would be entitled to interest on $49,000.  Thus, the Court directs the United States to provide an

amended interest calculation on $49,000 from October 7, 2005 through the date of filing of the amended report (i.e., August 17, 18, 19 or 20).

### B.  Attorney's Fees and Costs

Claimant also moves for attorney's fees and costs pursuant to CAFRA.  Any claimant who "substantially prevails" in any civil proceeding to forfeit property shall be awarded "reasonable attorney fees and other litigation costs reasonably incurred by the claimant."  28 U.S.C. § 2465(b)(1)(A).  If "the court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly."  28 U.S.C. § 2465(b)(2)(D).  The United States opposes the motion in its entirety on the ground that it obtained summary judgment for forfeiture, while Claimant merely mitigated the amount forfeited.  Claimant and the United States disagree as to whether Claimant is a substantially prevailing party under CAFRA.

### 1. Substantially Prevailing Party

Since CAFRA was enacted in 2000, the United States Court of Appeals for the Eleventh Circuit has not specifically addressed whether the CAFRA term "substantially prevailing" party differs from the "prevailing party" term used in other federal fee-shifting statutes.  In a footnote of dicta in an Endangered Species Act case (which uses an "appropriate" standard for awarding attorney fees), the Eleventh Circuit stated the differences in various fee-shifting statutes using the terms "prevailing party" and "substantially prevailed" were inconsequential.  Loggerhead Turtle v. County Council of Volusia County, Fla., 307 F.3d 1318, 1322 n.4 (11th Cir. 2002), quoting Oil, Chem &

Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 455 (D.C. Cir. 2002). Thus, the Court rejects the United States' implied contention in this case that the term "substantially prevails" requires a greater amount of success than the term "prevailing party." See United States' Response at pp. 10-12 [DE 70]. This Court will thus look to Supreme Court decisions interpreting "prevailing party."[3] A "prevailing party" is one "who has been awarded some relief by the court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health, 532 U.S. 598, 603 (2001).

The United States strongly asserts that because it obtained summary judgment on whether the currency seized was subject to forfeiture, and because Claimant will receive less than half of the amount forfeited, that Claimant cannot show he is a substantially prevailing party. The Court disagrees. Claimant is being awarded by the Court just over half of the amount seized (after inclusion of interest). Claimant did not obtain complete success, but clearly obtained a material alteration of the legal relationship of the parties and obtained some relief.

The Court concludes that Claimant meets the standard to be deemed a substantially prevailing party for the purposes of an award of attorney's fees and costs under CAFRA. However, as CAFRA clearly contemplates a split judgment -- part to the Government and part to a claimant -- the Court will reduce the award of costs and attorney's fees accordingly, as explained below. 28 U.S.C. § 2465(b)(2)(D); United States v. $125,938.62 Proceeds, etc., 362 Fed. App'x 985 (11th Cir. Jan. 28, 2010).

---

[3] Some environmental statutes authorize fees to a "prevailing or substantially prevailing party." City of Burlington v. Dague, 505 U.S. 557, 563 (1992).

2.  Calculation of Award

Claimant seeks between $121,185 and $134, 650, based upon 269.3 hours worked at a rate of either $450 or $500 per hour.[4]  This Circuit has adopted the lodestar approach in determining an award of attorney's fees.  Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1298–1302 (11th Cir. 1988).  To establish a lodestar amount, the court must ascertain the number of hours an attorney reasonably expended on the litigation and multiply that figure by a reasonable hourly rate.  Id. at 1302.  The party seeking fees "is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable."  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).   After a court determines a lodestar, it may adjust that amount (either upward or downward) based upon a number of factors, including the results obtained in the litigation.  Norman, 836 F.2d at 1302.

A strong presumption exists that the lodestar figure represents a reasonable fee for counsel's representation.  Perdue v. Kenny A. ex. rel. Winn, 130 S.Ct. 1662, 1673 (2010); Blum v. Stenson, 465 U.S. 886, 897 (1984).  The party seeking an adjustment to the lodestar bears the burden of proving that such an adjustment is necessary to the determination of a reasonable fee.  Blum, 465 U.S. at 898.  Plaintiff contends that the lodestar should be "enhanced," but does not explain the basis for this request.  Motion for Attorney's Fees, ¶ 19.  This case does not fall into the narrow category of "rare circumstances" to merit an enhancement of the lodestar.  Perdue, 130 S.Ct. at 1673.

---

[4]  The cost request of $878.97 is not in dispute.

Rather, CAFRA includes a mandatory provision that split judgments should result in a reduction of the award of costs and attorney fees.

### a) Reasonable Rate

The Court first turns to the hourly rate charged by Claimant's counsel.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.  A fee applicant bears the burden of demonstrating with satisfactory evidence that counsel's rates are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.  Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

Id. (citations omitted).  "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. at 1303.

Here, Claimant has submitted billing rates of $450 or $500 per hour for Robert Gershman, Claimant's counsel.  Claimant supports these rates with an affidavit from Bruce Rogow, Esq., an experienced attorney with forty-six (46) years of appellate and trial experience [DE 63-3].  Defendant objects to the proposed rates by way of their own expert affidavit, that of Robert I. Targ, an attorney in Miami, Florida, specializing in asset seizure and forfeiture for thirty-three (33) years [DE 68-1 pp. 14-20].  Mr. Targ opines that a reasonable rate for a criminal law attorney in Palm Beach County for 19 years such as

7

Mr. Gershman would be $350 to $400 per hour.

This Court agrees with Attorney Targ that the requested hourly rate is excessive. The case itself was not complex and Mr. Gershman is not a specialized forfeiture attorney. Mr. Gershman's opinion that the case was novel and one of first impression is simply wrong. Affidavit of Robert Gershman, ¶ 7 [DE 63-4]. The fact that Claimant was self-deporting at the time of the currency seizure was not of legal significance, though it was a mitigating factor in determining an amount of forfeiture. In this Court's own knowledge and experience concerning reasonable and proper fees, and having observed Mr. Gershman's performance in this case and others, the Court concludes that a reasonable rate is $350 per hour.[5]

### b) Reasonable Hours Expended

The Court next turns to the reasonableness of hours expended by Claimant's counsel. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." Id. at 1301. Thus, fee applicants must use "billing judgment." Id. In ascertaining the number of reasonable hours, a court must deduct "'excessive, redundant or otherwise unnecessary hours'" from those claimed. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

---

[5] The Court notes that Mr. Gershman was retained on either a pro bono basis (as contended by the United States from the argument before the Eleventh Circuit), or on a contingency basis, so there is no client retainer agreement describing his charged rates in this case.

8

Here, Claimant submits billing records reflecting 269.3 hours for Mr. Gershman. Mr. Gershman avers that he exercised billing judgment in excluding 23 hours spent on the IRS back taxes proceedings. Gershman Affidavit, ¶ 19. The Court has carefully reviewed the billing entries and the detailed objections put forth by Mr. Targ, the United States' expert, and finds that certain downward adjustments are appropriate.[6] For example, between February 27, 2006 and August 8, 2006, Mr. Gershman billed 26.6 hours for "Office Meeting with Defendant." These meetings are separate and above the entries listed for preparation for Mr. Zapeta's deposition or for mediation. The Court concludes these hours are excessive, as are the 4.7 hours for unspecified "Telephone Conversations with Defendant." See Targ Affidavit, ¶¶ 7C and 7D. Mr. Targ opines that 10.2 hours for conversations, meetings, correspondence, etc. with "Immigration Attorney" are also unrelated to the forfeiture case. Id., ¶ 7B. This Court agrees. The Eleventh Circuit has held that only hours reasonably spent on the forfeiture matter and not on a related criminal matter are compensable under CAFRA. U.S. v. Certain Real Property, Located at 317 Nick Fitchard Road, N.W., 579 F.3d 1315, 1322 (11th Cir. 2009). The same analysis would apply to not counting related immigration or tax matters.

Certain additional hours are excessive for the tasks performed. For example, Attorney Gershman has billed 5.9 hours related to researching and preparing the claimant's verified notice of claim. Attorney Targ opines that only one hour is needed to complete this simple document. Targ Affidavit, ¶ 7E. Similarly, Attorney Gershman has

---

[6] Claimant argues in his reply memorandum that the opinion of Professor Bruce Rogow should trump that of Mr. Targ. While the Court has no reason to doubt that Professor Rogow is one of the "leading attorney[s] in the country" (Plaintiff's Reply, ¶ 22), Mr. Targ has more specific experience in the field of asset forfeiture and has included far greater detail in his affidavit.

billed 9.4 hours to prepare Claimant's Answer, Affirmative Defenses, and Demand for Jury Trial, while Attorney Targ opines that only 2 hours should be required as no novel or complex issues are contained in the Complaint for Forfeiture.  Id., ¶ 7F.  Attorney Gershman has billed 13.3 hours related to reviewing, researching and responding to the United States' Motion to Amend Complaint, while Attorney Targ opines that 6 to 8 hours should be required.  Id., ¶ 7G.  Finally, Attorney Gershman has billed 19.9 hours related to researching and responding to the United States' Motion for Summary Judgment, while Attorney Targ opines that 10 to 12 hours should be required.  Upon its own independent review, the Court agrees with the reductions suggested by Attorney Targ.

Thus, the Court will reduce the amount of hours by 66.2 hours,[7] finding that a reasonable lodestar for Attorney Gershman is 203 hours at $350.00 per hour for a total fee award of $71,050.00, before reducing the award for partial judgment pursuant to CAFRA.

### 3.  Reduction for Partial Judgment

As noted above, CAFRA requires a court to reduce the award of costs and attorney fees if "the court enters judgment in part for the claimant and in part for the Government."  28 U.S.C. § 2465(b)(2)(D).  The United States asserts that this provision only applies when some assets are returned and some assets are not returned.  The United States argues that in the present action, where an asset is subject to forfeiture but the only issue is whether the amount of forfeiture comports with the Eighth Amendment, the result will always be a partial recovery.  The United States contends that Congress

---

[7] The subtraction total is derived from adding the following deductions:  26.6 plus 4.7 plus 10.2 plus 4.9 (5.9 billed minus 1 reasonable) plus 7.4 (9.4 minus 2 reasonable) plus 5.3 (13.3 billed minus 8 reasonable) plus 7.2 (19.2 billed minus 12 reasonable).

10

did not intend for such claimants to be awarded any fees in such cases. See United States' Response at pp. 14-16. No case law authority supports this argument.

The Court concludes that the basis to award fees is the substantially prevailing standard, which Claimant has met in this case. Section 2465(b)(2)(D) is read by this Court to require a reduction in fees where not all of the property seized is returned. In this case, to arrive at the figure from which to make the reduction, Claimant is receiving $23,548.44 ($49,000 minus $25,451.56 in tax judgment) plus $3,009.43 in interest as of April 1, 2009, plus a similar amount of interest on the tax judgment funds, plus the interest from April 1, 2009 to the present, for a total of just over $30,000, or approximately 50% of the seized funds. The Court concludes that it is not appropriate to count the tax judgment funds in considering Claimant's overall success, since he never should have been in possession of those funds in the first place, as those taxes should have been paid when earned.[8] Thus, the attorney fees and costs shall be reduced by 50%, for an award of $35,525.00 in attorney fees and $439.49 in costs.

### 4.  Maximum Amount of Attorney's Fees and Accounting of Funds

The United States has raised an argument that counsel for Claimant could obtain a double recovery and recover more attorney's fees than ordered by the Court because he has already been paid some fees on a contingency basis from the funds already returned by the Government or donated by third-parties to the Claimant. Attorney Gershman states in his reply that all donated funds were sent to Claimant without

---

[8] This conclusion is not at odds with the earlier conclusion in this Order that the Government should calculate and pay interest on the full $49,000 under §2465(b)(1)(C), because the Government is receiving the benefit of then charging Claimant interest on the tax judgment.

deduction for fees.

The Court notes that CAFRA provides that the United States is liable for attorney's fees when "the claimant substantially prevails." 28 U.S.C. § 2465(b)(1). The Court interprets this language to mean that the award is to the Claimant, not the attorney. The money paid by the United States for attorneys fees and costs would go into Mr. Gershman's trust account, just as any amounts returned from the initial forfeiture. Therefore, Mr. Gershman would be entitled to either the amount of attorney's fees and costs awarded by the Court or the amount due by contract with his client, which is apparently one-third of the total amount (returned funds, interest, attorney's fees and costs).[9] Based upon the evidence before the Court, the higher figure appears to be the amount of attorney's fees and costs awarded by the Court. Because this case involves both government funds and an unsophisticated Claimant who has left the country, the Court will require Attorney Gershman to file a statement describing the total disbursement of funds from this case from all sources after payment of all funds by the Government.

### III.  CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Defendant and Claimant's Demand for Interest on $59,000 United States Currency [DE 62] is hereby **GRANTED**;

2. By August 20, 2010, the United States shall file an amended interest calculation

---

[9] In other words, if Mr. Gershman has already transferred some of the money returned by the Government to date from his trust account to his operating account, then that amount would be subtracted from the amount awarded in attorney fees by the Court and paid out to the client, so that the total amount recovered by Mr. Gershman does not exceed the $35,525.00 in attorney's fees and $439.49 in costs awarded by the Court.

       (first filed at DE 66-1) on the amount of $49,000 from October 7, 2005 through the date of filing of the amended calculation;

3.    Defendant and Claimant's Attorney's Verified Motion for Award of Attorney's Fees and Costs [DE 63] is hereby **GRANTED in part and DENIED in part**;

4.    Claimant is hereby awarded $35,525.00 in attorney's fees and $439.49 in costs;

5.    Plaintiff's Motion for Permission to Exceed Page Limit [DE 67] is hereby **GRANTED**, *nunc pro tunc*;

6.    Defendant and Claimant's Motion to Strike Claimant's Response in Opposition to Attorney's Fees Motion [DE 73] is hereby **DENIED**;

7.    After the Government files its Amended Interest Calculation, the Court will enter a final order awarding interest, attorney's fees and costs.

8.    Within thirty (30) days of payment of all funds by the United States, Attorney Gershman shall file a statement with the Court describing the total disbursement of funds from this case from all sources after payment of all funds by the United States, including efforts taken to ensure that Mr. Zapeta personally receives the money that is due him.

    **DONE AND ORDERED** in chambers at Fort Lauderdale, Broward County, Florida, this 12th day of August, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

Copy to:

AUSA Roger Powell
Robert S. Gershman, Esq.